HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AN PHAM, et al.,

    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

    Defendant.

CASE NO. C10-1844RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Defendant's motion for summary judgment (Dkt. # 11) and Plaintiffs' motion to substitute (Dkt. # 20). No party requested oral argument on either motion, and the court finds the motions suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS Plainitffs' motion (Dkt. # 20) and DENIES AS MOOT Defendant's motion (Dkt. # 11).

## II. BACKGROUND

Plaintiffs An Pham and Mai Huynh are a married couple who moved to the United States in 1984, and they own and operate a restaurant and also own several rental properties. At one of their rental properties, Plaintiffs suffered a water loss in December 2009 when an interior water pipe froze and burst. Plaintiffs submitted a claim to their

ORDER – 1

insurer, Defendant Allstate Indemnity Company ("Allstate"), and the claim was denied. Plaintiffs retained an attorney to resolve the claim dispute with Allstate, and counsel sent a notice of violation under Washington's Insurance Fair Conduct Act on May 21, 2010, to Allstate and Washington's Office of the Insurance Commissioner.

Plaintiffs filed a bankruptcy petition on July 29, 2010, and received a discharge on November 8, 2010. But in the interim, Plaintiffs filed this lawsuit against Allstate on October 25, 2010, though the claim against Allstate was not disclosed in their bankruptcy petition.

Allstate now moves for summary judgment, arguing that Plaintiffs are judicially stopped from pursuing this suit because it was not disclosed in their bankruptcy petition. Plaintiffs oppose the motion, and in the alternative request that the court allow them to substitute the bankruptcy trustee, who has successfully moved to reopen the Plaintiffs' bankruptcy estate, as the real party in interest. The court now turns to consider those motions.

### III. ANALYSIS

**A. Legal Standards.**

    **1. Summary Judgment.**

Summary judgment is appropriate if the moving party establishes that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a

ORDER – 2

genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### 2. Judicial Estoppel.

Judicial estoppel prohibits "a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." *Arkison v. Ethan Allen, Inc.*, 160 Wash.2d 535, 538 (2007). When debtors fail "to list a potential legal claim among their assets during bankruptcy proceedings and then later 'pursue the claims after the bankruptcy discharge,'" courts generally estop the debtors' claims. *Id.* at 539 (quoting *Bartley-Williams v. Kendall*, 134 Wash.App. 95, 98 (2006)).

### 3. Real Party in Interest.

A plaintiff must be the "real party in interest," possessing the right to sue under the applicable substantive law, in order to pursue a claim. *See U-Haul Intern., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). If the original plaintiff is not the real party in interest, the defect can be cured through, *inter alia*, substitution within a reasonable amount of time. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). If the real party in interest is substituted in, "the action proceeds as if it had been originally commenced by the real party in interest." *Id*.

### B. The Bankruptcy Trustee is the Real Party in Interest, and His Substitution Moots Allstate's Motion.

The Plaintiffs concede that they did not disclose their claim against Allstate in their bankruptcy petition, even though the lawsuit was filed before they received a discharge. Because debtors are under a continuing duty to amend their bankruptcy schedules and statement of financial affairs, Plaintiffs' failure to disclose the legal claim constitutes a representation to the bankruptcy court that is inconsistent with their filing of

ORDER – 3

this lawsuit. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding.").

Plaintiffs contend that judicial estoppel should not apply here because their omission resulted from inadvertence due to their lack of fluent English and their reliance on their attorney to complete the bankruptcy petition. *See* Pltfs.' Opp'n (Dkt. # 13) at 6; Pham Decl. ¶¶ 8-12. According to Plaintiffs, they should not be estopped from pursuing this lawsuit because they did not intend to conceal their potential legal claim from the bankruptcy court. In the alternative, Plaintiffs request that the court permit the bankruptcy trustee to be substituted as the real party in interest.

Allstate's only argument in opposition to Plaintiffs' motion for substitution is that the motion is untimely. According to Allstate, Plaintiffs' counsel should have realized earlier that the claim had been omitted from the bankruptcy petition and notified the bankruptcy trustee about this issue before Allstate had to file a motion to alert Plaintiffs' counsel.

Under the timeline of this case, the court disagrees with Allstate and finds that the motion to substitute was brought within a reasonable time after Allstate's objection. Allstate filed its motion for summary judgment on August 11, 2011, arguing that the Plaintiffs were not the real parties in interest. The Plaintiffs contacted the attorney that had represented them in the bankruptcy proceeding on August 29, 2011, and that attorney contacted the bankruptcy trustee, James Rigby, in October 2011. On November 16, 2011, Mr. Ribgy filed a motion to reopen the Plaintiffs' bankruptcy case. That motion was granted on November 22, 2011. On November 23, 2011, Plaintiffs' filed a motion in this court to substitute Mr. Rigby as the real party in interest.

ORDER – 4

Courts regularly approve substitution of a bankruptcy trustee for a debtor-plaintiff where the debtor-plaintiff failed to disclose the legal claim on his or her bankruptcy petition. *See, e.g.*, *Coble v. DeRosia*, ___ F.Supp.2d ____, 2011 WL 1883801 (E.D. Cal. May 16, 2011); *Sprague v. Sysco Corp.*, 97 Wash.App. 169 (1999); *Wood v. Household Finance Corp.*, 341 B.R. 770 (W.D. Wash. 2006); *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268 (11th Cir. 2004). While it may be true that Plaintiffs could have notified their attorney in this lawsuit about their bankruptcy discharge before this lawsuit was ever filed, or at least some point before Allstate's motion was filed, the court finds that the three months between the filing of Allstate's objection (its motion for summary judgment) and Plaintiffs' motion for substitution is not an unreasonable delay. It appears to the court that the attorneys involved acted with reasonable diligence to seek substitution, after learning of Allstate's objection. Furthermore, Allstate has not argued, let alone established, that it would be prejudiced by substitution. *See Sprague*, 97 Wash.App. at 179 (synthesizing case law to hold that substitution of a bankruptcy trustee for a debtor-plaintiff is appropriate where the defendant is not prejudiced by substitution). Under these circumstances, the court finds that substitution under Rule 17(a) is appropriate.

ORDER – 5

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' motion (Dkt. # 20) and DENIES AS MOOT Defendant's motion (Dkt. # 11).[1] The bankruptcy trustee, James Rigby, shall be substituted for Plaintiffs, and An Pham and Mai Huynh are dismissed with prejudice.

DATED this 13th day of December, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[1] Allstate's motion for summary judgment as it is currently briefed focuses on the original Plaintiffs' inability to pursue this lawsuit due to judicial estoppel. Though Allstate's Opposition to Plaintiffs' motion to substitute includes a section arguing that judicial estoppel would also apply to Mr. Rigby, the court finds it would be more appropriate to address any such argument in a separately briefed motion for summary judgment. Thus, the court DENIES AS MOOT Allstate's current motion, because its arguments are inapplicable in light of Mr. Rigby's substitution. The court also DENIES AS MOOT Allstate's motions to strike related to declarations submitted by Plaintiffs in opposition to Allstate's summary judgment motion.

ORDER – 6