HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AN PHAM, et al.,

               Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

               Defendant.

CASE NO. C10-1844 RAJ

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the court on defendant Allstate Indemnity Company's motion for reconsideration. Dkt. # 24. On December 13, 2011, the court granted plaintiffs An Pham's and Mai Huynh's motion to substitute James Rigby, the Chapter 7 Bankruptcy trustee, as the real party in interesting, and denied as moot defendant's motion for summary judgment. *See* Dkt. # 22. On December 20, 2011, defendant moved for reconsideration, arguing that the court did not consider its arguments that "the case law cited by Plaintiffs does not favor substitution and that substitution would not remove the issue of judicial estoppel." Dkt. # 24 at 2.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which

could not have been brought to [the court's] attention earlier with reasonable diligence." Local Civ. R. 7(h)(1).

The court did consider defendant's arguments that case law cited by plaintiff does not favor substitution and that substitution would not remove the issue of judicial estoppel. The court adequately addressed its reasoning that substitution is proper pursuant to Fed. R. Civ. P. 17(a) in its Order.[1] For the reasons stated below, the court DENIES defendant's motion for reconsideration regarding judicial estoppel.

Federal law governs all procedural issues in diversity cases. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see Johnson v. Or. Dep't of Human Res. Rehab. Div.*, 141 F.3d 1361, 1364 (9th Cir. 1998) (Federal law governs the application of judicial estoppel in federal courts).

Judicial estoppel may be invoked by the court at its discretion. *United States v. Liquidators of European Fed. Credit*, 630 F.3d 1139, 1148 (9th Cir. 2011). It is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Hamilton v. State Farm & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). It is intended to protect the integrity of the judicial process by preventing litigants from "playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The United States Supreme Court has identified three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's later position is "clearly inconsistent" with its earlier position, (2) whether the party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create "the perceptio1n that either the

---

[1] The court did not solely rely on *Sprague v. Sysco Corp.*, 97 Wn. App. 169, 982 P.2d 1202 (1999) in holding that substitution was proper. *See* Dkt. # 23 at 3-5. Defendants have failed to cite to <u>any</u> Ninth Circuit or other federal authority for why the court's order granting substitution pursuant to Fed. R. Civ. P. 17(a) is manifest error. *See* Dkt. # 24 at 6-7.

ORDER DENYING MOTION FOR RECONSIDERATION- 2

first or the second court was misled," and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001). The Supreme Court also acknowledged that these factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751.

Here, Pham and Huynh do not dispute that they did not disclose their claim against defendant at any time during the bankruptcy case. Dkt. # 20 at 10 (Watkins Decl. ¶ 6). Courts have found a clear inconsistency when a debtor files a lawsuit "asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783. Accordingly, the court finds that Pham and Huynh took inconsistent positions. With respect to the second factor, Pham and Huynh's discharge was entered on November 8, 2010. Dkt. # 12-1 (Ex. A to Dinning Decl.). A bankruptcy court accepts a prior inconsistent statement when it discharges the debtor's debts in reliance on his omission of known claims, even if the discharge is later vacated. *See Hamilton*, 270 F.3d at 784-85. Accordingly, the court finds that the bankruptcy court accepted Pham's and Huynh's prior inconsistent statement by relying on the omission in its discharge of debts. With respect to the third factor, Pham and Huynh obtained the benefits of receiving a discharge of their debts. Plaintiffs argue that they acted inadvertently when they failed to list the claim because of language difficulties. However, the Ninth Circuit has not applied the inadvertence factor in the bankruptcy context.[2] *See Funtanilla v. Swedish Hosp. Health Servs.*, C09-1226JLR, 2011 WL 65945, *4 n.3 (W.D. Wash. 2011).

---

[2] Even if the court applied the inadvertence factor, the Fifth Circuit has held that a debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999). Pham and Huynh do not dispute that

Accordingly, the court agrees with defendant that Pham and Huynh should be estopped from pursuing their claims in their individual capacities for their own benefit. However, the court has properly substituted the real party in interest, James Rigby, the Chapter 7 bankruptcy trustee, and plaintiffs Pham and Huynh have been terminated from the case. The court finds persuasive the reasoning of *In re Cheng*, 308 B.R. 448 (9th Cir. BAP 2004). The court reasoned that, in the bankruptcy context, with respect to judicial estoppel, courts sometimes fail "to take into account that an unscheduled cause of action is not the debtor's property and that the victims are the debtor's creditor." *Id.* at 460. "The equitable balance compels consideration of whether the economic consequences of a judicial estoppel are borne by third parties." *Id.* In a voluntary bankruptcy case, property of the estate, regardless of whether it is listed on schedules, remains property of the estate until it is either administered or abandoned. 11 U.S.C. § 541(a)(1). Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever. 11 U.S.C. § 554(d). "The consequence is that, once the bankruptcy case is filed, the debtor lacks standing because the trustee owns the cause of action." *In re Cheng*, 308 B.R. at 461. The court concluded that since the situation had "the unsecured creditor externality in the form of a body of creditors that would be harmed, it [was] appropriate to require further proceedings regarding a remedy." *Id.*

Here, the economic consequences of judicial estoppel would be borne by creditors of the estate. Imposing judicial estoppel to bar the estate from recovery on an asset that was not previously disclosed would deny the creditors the right to seek some share of the

---

they had knowledge of the damages alleged here prior to filing the bankruptcy petition. Indeed, they engaged an attorney who sent notice to defendant alleging a violation of the Insurance Fair Conduct Act on May 21, 2010. Dkt. # 12-3 (Ex. C to Dinning Decl.). They filed the bankruptcy petition on July 29, 2010. Dkt. # 12-1 (Ex. A to Dinning Decl.). Nevertheless, nothing before the court indicates that the debtors intentionally attempted to mislead any court.

recovery. *Hamilton* does not compel a different conclusion where that debtor pursued a non-disclosed claim for his own benefit, the bankruptcy case had been dismissed because the debtor had been so uncooperative about a potential insurance claim, and no property of the estate or body of creditors had been enjoined as a result of the dismissal of the bankruptcy case. Defendants cite to *Reed v. City of Arlington*, 620 F.3d 477, 482 (5th Cir. 2010) for the proposition that a trustee cannot be substituted to continue litigation where the debtor's claim had not been properly disclosed. Dkt. # 24 at 5-6. This decision was vacated on August 11, 2011 by *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) (en banc). The en banc court held that, absent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy. *Id.* at 572. Other circuits have also indicated that it would be inequitable to apply judicial estoppel against an innocent trustee with standing to pursue a claim. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1155 n.3 (10th Cir. 2007); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). The court believes that the equities favor allowing Mr. Rigby to proceed in this action for the benefit of creditors whose recovery may be enhanced.

For all the foregoing reasons, defendant's motion for reconsideration is DENIED.

Dated this 28th day of December, 2011.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION- 5